UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIK MISHIYEV and SHORT-E
LLC,

    Plaintiffs,

v.                                      Case No: 2:21-cv-162-SPC-MRM

ELISEO CIERRA and
IHEARTMEDIA INC,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Eliseo Cierra and iHeartMedia, Inc.'s Motion to Dismiss for Failure to State a Claim (Doc. 18).

## **Background**

This is a trademark and unfair competition case. The Court recounts the factual background as pled in Plaintiffs' Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Plaintiff Erik Mishiyev—professionally known as "DJ Short-E"—is a DJ, recording artist, journalist, and internet, television, and radio personality. He began using the DJ Short-E moniker in January 1993 in connection with DJ services he offered in New York. In 1996, Mishiyev moved to Tampa, Florida, where he continued to offer DJ services as DJ Short-E. Mishiyev began promoting himself on his website, www.djshorte.com, in August 1998, and he has since maintained an internet presence through his website and social media. Mishiyev also hosts a television show—"The Short-E Show"—that airs on The CW Network in Miami and Las Vegas; Mishiyev also publishes it on his website.

Plaintiff Short-E LLC is a Florida limited liability company Mishiyev founded in January 2020. Mishiyev is the sole member of the LLC, which provides DJ and other entertainment services.

Mishiyev has used the SHORT-E and DJ SHORTE marks to promote DJ and entertainment services since 1993. He owns U.S. Trademark Registration No. 4,493,986 on the Principle Register for the mark DJ SHORTE, registered on March 11, 2014. Short-E LLC owns Florida Trademark Registration No. T20000000318 for the SHORT-E mark for "live DJ, radio, and television personality performances." (Doc. 1 at 32).

Defendant Eliseo Cierra has been working in the Florida radio and entertainment market under the moniker "Short-E" since 2018. He works for

Defendant iHeartMedia as a program director and radio personality, which includes daily appearances on WBTT 105.5 The Beat. Cierra also writes blog posts and hosts a podcast on iHeartMedia websites as "Short-E," and he uses the moniker on his social media pages. iHeartMedia uses the SHORT-E mark to promote Cierra. Mishiyev's counsel sent Defendants a cease-and-desist letter on June 30, 2020, but they continue to use the SHORT-E mark.

Plaintiffs assert nine counts: (1) federal trademark infringement against Cierra; (2) federal contributory trademark infringement against iHeartMedia; (3) federal unfair competition against both Defendants; (4) Florida statutory trademark infringement against Sierra; (5) Florida contributory statutory trademark infringement against iHeartMedia; (6) Florida statutory deceptive and unfair trade practices against both Defendants; (7) Florida common law trademark infringement against Cierra; (8) vicarious infringement of a federally registered trademark against iHeartMedia; and (9) vicarious infringement of a Florida registered trademark against iHeartMedia.

**Legal Standard**

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

**Discussion**

Defendants argue Plaintiffs failed to allege facts sufficient to support any claim. They also argue the Complaint is a shotgun pleading, and they attack Short-E LLC's standing to assert the counts relating to Mishiyev's federal DJ SHORTE mark.

**A. Pleading Sufficiency**

Plaintiffs plead federal and state trademark and unfair competition claims. The Lanham Act, codified at 15 U.S.C. §§ 1051–1127, governs the federal claims. Under the Lanham Act, the legal standard for unfair competition and trademark infringement—which is a type of unfair competition—is essentially the same. *Turner Greenberg Assocs., Inc. v. C & C Imports, Inc.*, 320 F. Supp. 2d 1317, 1330 (S.D. Fla. 2004) (citing *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991)). That standard also applies to Florida trademark and unfair competition claims. *Suntree Techs., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1345 (11th Cir. 2012).

1. <u>Direct and Contributory Trademark Infringement (Counts 1-2, 4-5, 7)</u>

To state a claim for federal trademark infringement, a trademark owner must plead "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or

5

confusingly similar to its mark, such that consumers were likely to confuse the two." *Id.* at 1346. Defendants challenge the second element—i.e., confusion.

Courts in the Eleventh Circuit consider seven factors to determine whether a likelihood of confusion exists between two marks:

> (1) strength of the mark alleged to have been infringed; (2) similarity of the infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the existence and extent of actual confusion in the consuming public.

*Savanah Coll. of Art and Design, Inc. v. Sportswear, Inc.*, 983 F.3d 1273, 1280-81 (11th Cir. 2020) (citation and quotation marks omitted). Courts "need not consider all factors in every case[,]" but "the type of the mark and the evidence of actual confusion are the most important of all the factors." *Id.* at 1281 (citations and quotation marks omitted).

Defendants argue confusion is unlikely because Cierra's moniker—"Short-E"—lacks "DJ" and uses a hyphen, unlike Mishiyev's federally registered mark. In response, Plaintiffs point to their allegations that their marks are well-known and uniquely associated with Plaintiffs, that Defendants use a similar mark to advertise competing services to many of the same consumers served by Plaintiffs, and that Defendants used the similar mark with the intent to capitalize on Plaintiffs' goodwill. Based on these

6

allegations and accepting them as true, the Court finds that confusion is facially plausible. While Cierra's "Short-E" moniker is not identical to Mishiyev's DJ SHORTE mark, it is similar enough that consumers might confuse the two. That is particularly so because the parties provide related services to overlapping audiences.

Defendants also argue Plaintiffs fail to sufficiently plead damages. The Court disagrees. Plaintiffs allege Mishiyev has suffered loss of income and goodwill as a result of consumer confusion caused by Cierra's use of the "Short-E" name. That is enough to survive a 12(b)(6) challenge.

Defendants raise an additional ground for dismissal of Count 7 (Florida common law trademark infringement): that Plaintiffs fail to sufficiently allege the DJ SHORTE trademark is inherently distinctive or has acquired secondary meaning. But a mark that is registered with the USPTO "is presumed to be inherently distinctive[.]" *Engineered Tax Servs., Inc. v. Scarpello Consulting, Inc.*, 958 F.3d 1323, 1328 (11th Cir. 2020). Plaintiffs attached a copy of the USPTO registration for the DJ SHORTE mark to their Complaint. Thus, they have sufficiently pled distinctiveness.

Having rejected each of Defendants' attacks on the trademark counts, the Court finds that that Plaintiffs sufficiently pled their claims for direct and contributory trademark infringement.

## 2. Federal Unfair Competition (Count 3)

Defendants attack Count 3 from two angles. They first argue that to the extent Count 3 is for false designation of origin, it fatally lacks any allegation that Defendants misrepresented the source of Cierra's services. Second, Defendants argue Count 3 should be dismissed because it does not specify which theory of unfair competition—trademark infringement, palming off, or false designation of origin—on which it rests. Reading the Complaint as a whole, the Court finds it sufficiently clear that Count 3 rests on trademark infringement. Thus, the same facts that support Plaintiffs' trademark infringement claims are sufficient to state a claim for unfair competition.

## 3. Florida Deceptive and Unfair Trade Practices Act (FDUTPA) (Count 6)

Defendants argue Count 6 should be dismissed because Plaintiffs fail to allege how Defendants' conduct could cause consumer harm or injury, which the FDUTPA is meant to address. But, as Plaintiffs point out, "trademark infringement is an unfair and deceptive trade practice that constitutes a violation of FDUTPA." *Commodores Entm't Corp. v. McClary*, 324 F. Supp. 3d 1245, 1252 (M.D. Fla. 2018). That makes sense because trademark infringement requires harm to consumers in the form of confusion. Put another way, trademark infringement is an inherently deceptive and unfair

trade practice. Because Plaintiffs pled sufficient facts to support a claim of trademark infringement, they also state a FDUTPA claim.

  4. <u>Vicarious Trademark Infringement (Counts 8-9)</u>

Vicarious liability in the trademark context "requires 'a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.'" *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1279 (11th Cir. 2012) (quoting *Rosetta Stone Ltd. V. Google, Inc.*, 676 F.3d 144, 165 (4th Cir. 2012)); *see also Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992). Plaintiffs allege, "Defendant iHeartMedia has an apparent and actual partnership with Defendant Cierra and has the authority to exercise control over Defendant Cierra's use of the infringing SHORT-E mark." (Doc. 1 at 18).

  Defendants argue that Plaintiffs fail to allege sufficient facts to show that Cierra and iHeartMedia have a partnership. The Court agrees. But Defendants do not address the rest of Plaintiffs' allegation—that iHeartMedia "has the authority to exercise control over Defendant Cierra's use of the infringing SHORT-E mark." (Doc. 1 at 18). That claim is consistent with the alleged relationship between Defendants—that Cierra works for iHeartMedia as a program director and radio personality.

The Court finds the Complaint plausibly states that iHeartMedia has some authority or control over the allegedly infringing use of the SHORT-E mark. Thus, the vicarious infringement counts survive.

**B. Shotgun Pleading**

Defendants contend the Complaint is a shotgun pleading because Plaintiffs begin each count by realleging and incorporating a common set of factual allegations. The Eleventh Circuit addressed the propriety of this technique in *Weiland*:

> Weiland's re-alleging of paragraphs 1 through 49 at the beginning of each count looks, at first glance, like the most common type of shotgun pleading. But it is not. As we have already discussed, this Court has condemned the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors (i.e., the preceding *counts*), leading to a situation where most of the counts, (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. What we have here is different. The allegations of each count are not rolled into every successive count on down the line.

*Weiland,* 792 F.3d at 1324.

Plaintiffs' Complaint is not particularly confusing. Each of the nine counts stem from the same straightforward set of factual allegations. Like in *Weiland*, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Id.* The Complaint is not a shotgun pleading.

**C. Short-E LLC's Standing**

Finally, Defendants argue Short-E LLC has no standing to assert the claims based on Mishiyev's federally registered trademark—Counts 1-3, 7, and 8—because the LLC has no ownership interest in the mark. For its part, Short-E LLC does not claim to have direct standing on the challenged counts. Instead, it claims associational standing.

Associational standing allows membership organizations to bring suit on behalf of its members when:

> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). Associational standing is normally invoked by membership organizations that represent individuals and/or firms with common interests. For example, the appellee in *Hunt* sued on behalf of Washington apple growers. Short-E LLC is not that type of organization, so associational standing appears inapplicable.

Even if Short-E LLC can invoke associational standing, it has not satisfied the third element. "To bring a trademark infringement claim under the Lanham Act, a plaintiff must hold a valid trademark." *Fla. VirtualSchool v. K12, Inc.*, 735 F.3d 1271, 1272 (11th Cir. 2013) (citation and quotation marks omitted). Mishiyev is the sole owner of the DJ SHORTE trademark. Plaintiffs

claim in their response brief—but did not allege in their Complaint—that Mishiyev licensed the DJ SHORTE mark to Short-E LLC. But a license agreement does not necessarily provide standing. *See [Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.](), 920 F.3d 704, 709-10 (11th Cir. 2019).* The language of a particular license agreement determines the rights afforded and the obligations imposed. The Complaint does not allege the existence of a license agreement, much less state any terms that could confer standing. Thus, Mishiyev's participation is necessary to prosecute Counts 1-3, 7, and 8.

For the foregoing reasons, Short-E LLC does not have standing on Counts 1-3, 7, and 8.

Accordingly, it is now

**ORDERED:**

Defendants Eliseo Cierra and iHeartMedia, Inc.'s Motion to Dismiss for Failure to State a Claim ([Doc. 18]()) is **GRANTED in part and DENIED in part**.

(1) Counts 1-3, 7 and 8 are **DISMISSED** as to Short-E LLC (but not as to Mishiyev).

(2) Defendants must answer the Complaint on or before **July 29, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 14, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record