UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIK MISHIYEV and SHORT-E LLC,

    Plaintiffs,

v.                                     Case No: 2:21-cv-162-SPC-MRM

ELISEO CIERRA and IHEARTMEDIA INC.,

    Defendants.
_____/

## ORDER[1]

Before the Court is the Bankruptcy Trustee's Response to Order to Show Cause and Unopposed Motion for Substitution as a Real Party in Interest (Doc. 62). A little over two months after this case was filed, Erik Mishiyev filed for Chapter 7 bankruptcy relief. The bankruptcy schedules disclosed this lawsuit. In September, Beth Ann Scharrer was appointed as the Chapter 7 Trustee. Scharrer has appeared in this case through counsel on behalf of Short-E LLC (Doc. 56). She now moves to substitute herself, as Chapter 7 Trustee, as the real party in interest in place of Mishiyev and requests permission to prosecute

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Short-E's (Mishiyev's company) claims. Defendants, who sought advice on the issue from a bankruptcy attorney (Doc. 58) agree that substitution is proper. The Court agrees. *See Parker v. Wendy's Intern., Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) ("Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it."); 11 U.S.C. § 541(a)(1) (When a debtor files a petition for bankruptcy pursuant to Chapter 7, "all legal or equitable interests of the debtor in property as of the commencement of the case" vest in a bankruptcy estate.). Here, the lawsuit became an assert of the bankruptcy estate when Mishiyev filed his petition. *See Barger v. City of Cartersville, Ga.*, 349 F.3d 1289, 1292-93 (11th Cir. 2003), *overruled on other grounds by, Slater v. United States Steel Corp.*, 871 F.3d 1174 (11th Cir. 2017).

As for Scharrer's request for permission to prosecute the claims on behalf of Short-E, she represents that as the Trustee, she is the successor to Mishiyev's member and manager interests and now holds all interests in Short-E, and as such controls the litigation positions of Short-E as co-plaintiff. (Doc. 62 at ¶ 9). The Court notes that the Bankruptcy Court confirmed Scharrer's authority to act on behalf of Short-E. In accordance with this authority and seeing no objection from Defendants, the request for permission is granted.

Accordingly, it is now **ORDERED:**

Bankruptcy Trustee's Response to Order to Show Cause and Unopposed Motion for Substitution as Real Party in Interest (Doc. 62) is **GRANTED**.

(1) Beth Ann Scharrer, as Chapter 7 Trustee, is **SUBSTITUTED** as the real party in interest in this case and in place of the original Plaintiff, Erik Mishiyev.

(2) The Clerk of Court is **DIRECTED** to terminate Erik Mishiyev from the action and change the case style to reflect that *Beth Ann Scharrer, as Chapter 7 Trustee*, is a Plaintiff.

(3) Ms. Scharrer, as Chapter 7 Trustee, by and through her undersigned counsel, may prosecute the claims on behalf of Plaintiff, Short-E, LLC.

(4) Ms. Scharrer, as Chapter 7 Trustee, must **SHOW CAUSE** in writing, on or before **November 30, 2021**, what action (if any) should be taken at this time considering the automatic stay and respond to Defendants' "Statement of Position" set forth in their Brief (Doc. 58 at 4).

**DONE** and **ORDERED** in Fort Myers, Florida on November 12, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

3

Copies:
All Parties of Record

Erik Mishiyev
5000 Culbreath Key Way
Apt. 1317
Tampa, FL 33611