UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHORT-E LLC and BETH ANN
SCHARRER, as Chapter 7 Trustee,

      Plaintiffs,

v.                                                             Case No.:  2:21-cv-162-SPC-MRM

ELISEO CIERRA and
IHEARTMEDIA INC.,

      Defendants.

                                        /

## **ORDER**[1]

Erik Mishiyev filed for Chapter 7 bankruptcy and Beth Ann Scharrer, as

Chapter 7 Trustee, has been substituted in his place.  She is also controlling

the litigation positions of Short-E LLC, which is wholly owned by Mishiyev.

Given this, the Court directed the parties to state their positions on what

impact (if any) the automatic stay has on the counterclaims asserted against

Plaintiffs.  (Doc. 46, Doc. 59, Doc. 63).  The parties responded.  (Doc. 58, Doc.

65)

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using
hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties
or the services or products they provide, nor does it have any agreements with them.  The
Court is also not responsible for a hyperlink's availability and functionality, and a failed
hyperlink does not affect this Order.

A bankruptcy filing typically operates as an automatic stay of all proceedings against the debtor. 11 U.S.C. § 362(a)(1). When the debtor is the plaintiff, the automatic stay usually does not apply to the plaintiff's claims. *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180 (11th Cir. 2017) (en banc). The stay, however, would usually apply to Defendants' counterclaims—as those are against a debtor. *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) ("Thus, an answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1), notwithstanding the fact that the plaintiff initiated the lawsuit."); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995); *Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465, 499 (E.D.N.Y. 1998).

Because Mishiyev has filed for bankruptcy, the counterclaims asserted against him were automatically stayed under § 362(a). The automatic stay does not apply to Plaintiffs' claims, nor does it apply to Defendants' counterclaims against Short-E, which will proceed.

Accordingly, it is now

**ORDERED:**

1. Defendants' counterclaims against Erik Mishiyev (Doc. 40) are **STAYED**.  Plaintiffs must notify the Court, in writing, within **seven (7) days** of the bankruptcy proceedings concluding.

2. The Clerk is **directed** to add a stay flag to the file.

3. Plaintiffs must provide the Court with a status update on the bankruptcy proceedings by **March 1, 2022**, and every ninety days thereafter.

**DONE** and **ORDERED** in Fort Myers, Florida on December 1, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3