UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHORT-E LLC and BETH ANN SCHARRER, AS CH. 7 TRUSTEE,

    Plaintiffs,

v.                                        Case No.:  2:21-cv-162-SPC-MRM

ELISEO CIERRA and
IHEARTMEDIA INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiffs/Counter-Defendants' Motion to Dismiss Counts I, II, III, and IV of Defendants/Counter-Plaintiffs' Counterclaim (Doc. 42). Erik Mishiyev and Short-E, LLC are the original Plaintiffs. Because Mishiyev filed a bankruptcy action, the Court substituted Chapter 7 Trustee Beth Ann Scharrer for Mishiyev (*see* Doc. 63) and stayed Counts I, II, and III (*see* Doc. 66). This Order will address only Count IV of Eliseo Cierra and iHeartMedia's Counterclaim.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The dispute centers on a moniker shared by Mishiyev and Cierra. Mishiyev is a DJ, recording artist, journalist, and internet, television, and radio personality known professionally as "DJ Short-E." He owns a federal trademark for DJ SHORTE, and he is the sole member of Short-E, LLC, which owns a Florida trademark for SHORT-E. Cierra is a program director and radio personality for iHeartRadio, and he is known as "Short-E."

Plaintiffs assert nine counts: (1) federal trademark infringement against Cierra; (2) federal contributory trademark infringement against iHeartMedia; (3) federal unfair competition against both Defendants; (4) Florida statutory trademark infringement against Sierra; (5) Florida contributory statutory trademark infringement against iHeartMedia; (6) Florida statutory deceptive and unfair trade practices against both Defendants; (7) Florida common law trademark infringement against Cierra; (8) vicarious infringement of a federally registered trademark against iHeartMedia; and (9) vicarious infringement of a Florida registered trademark against iHeartMedia.

Defendants filed eight counterclaims. The one at issue here—Count IV—seeks a declaration that Cierra's use of the term "Short-E" is permitted under Florida common law. Plaintiffs seek dismissal of Count IV because it asks a question that will inevitably be answered during resolution of the Complaint—in other words, Count IV is redundant. Defendants argues Count IV seeks relief they cannot obtain from a judgment on the merits of the

Complaint—an affirmative declaration that Cierra is entitled to a common-law right to use "Short-E" as an identifier.

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint (or counterclaim) as true and view them in a light most favorable to the plaintiff (or counter-plaintiff). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Count IV seeks declaratory judgment under the Florida Declaratory Judgment Act. "Under Florida law, whether to grant declaratory judgment 'remains discretionary with the court, and not the right of a litigant as a matter of course.'" *Amerisure Mut. Ins. Co. v. Yero*, No. 2:18-cv-39-JES-CM, 2018 WL 4931816 (M.D. Fla. Oct. 11, 2018) (quoting *State, Dep't of Envtl. Prot. V. Garcia*, 99 So. 3d 539, 546 (Dist. Ct. App. Fla. 2011). "When deciding whether to dismiss a counterclaim on the basis that it is redundant, courts consider whether the declaratory judgment serves a useful purpose." *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011) (quotation marks and citation omitted).[2]

Counterclaim IV serves a useful purpose. It seeks a declaration "that Cierra's use of the term 'Short-E' is permitted as a valid use of a common law right." (Doc. 40 at 23). Even assuming Defendants successfully defend against

---

[2] The court in *Medmarc* applied federal law, but for practical purposes, "the analysis under the Florida Declaratory Judgment Act and the federal Declaratory Judgment Act is the same." *Incredible Invs., LLC v. Fernandez-Rundle*, 984 F. Supp. 2d 1318 (S.D. Fla. 2013).

Plaintiffs' claims, it will not necessarily get such a declaration. In fact, the Court might not even reach the issue because Defendants deny many of Plaintiffs' factual allegations and raise affirmative defenses that challenge the legitimacy of Plaintiffs' trademarks. If Plaintiffs fail to prove their case, or if the trademarks are unenforceable, the Court would not need to consider Cierra's common law use of "Short-E."

Even if the Court does address Cierra's common law right to the name by way of the Complaint and affirmative defenses, there is no risk of harm or prejudice. The parties are already litigating the factual and legal issues underlying Counterclaim IV. The only difference is the remedy.

Accordingly, it is now

**ORDERED:**

Plaintiffs/Counter-Defendants' Motion to Dismiss Counts I, II, III, and IV of Defendants/Counter-Plaintiffs' Counterclaim (Doc. 42) is **DENIED** as to Count IV. Counts I, II, and III remain stayed.

**DONE** and **ORDERED** in Fort Myers, Florida on December 23, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4